IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jorge Espinoza, individually and on behalf of other similarly situated employees, Plaintiff
v.
Calabrese & Sons, Inc. dba Zia's Trattoria and Joseph Calabrese, individually, Defendants

## COMPLAINT

Jorge Espinoza ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Calabrese & Sons, Inc. dba Zia's Trattoria ("Zia's Trattoria"), and Joseph Calabrese, individually (collectively, "Defendants"), and states:

### Introduction

1. Defendants operate a restaurant commonly known as "Zia's Trattoria" at 6699 N. Northwest Hwy, Chicago, IL 60631. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' restaurant.

2. Plaintiff is a former employee of the Defendants and was not paid his earned overtime wages as required by the FLSA and IMWL. Instead, Defendants paid Plaintiff and other employees straight-time wages for all hours worked weekly.

3. Defendants maintained and enforced a policy of paying Plaintiff by check and cash.

### Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants owned and operated Zia's Trattoria within the three years preceding the filing of this complaint.

8. Joseph Calabrese resides in and is domiciled in this judicial district.

9. Joseph Calabrese is the owner of Zia's Trattoria and was involved in the day-to-day business operations of Zia's Trattoria and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

10. Zia's Trattoria is as an enterprise under 29 U.S.C. § 203(r)(1).

11. Zia's Trattoria is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Zia's Trattoria's annual gross sales were $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Defendants maintained and preserved records of all hours that Plaintiff worked each week.

15. Defendants failed to maintain and preserve records of all wages they paid to Plaintiff each week.

16. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

17. Plaintiff worked as a cook for Defendants from July 2009 to mid-February 2017.

18. Defendants paid Plaintiff his regular rate for each hour by check for the first 40 hours that he worked each week and by cash for all other hours each week during the relevant employment period until October 2016.

19. After October 2016, Defendants improperly paid Plaintiff a salary of $1,500 biweekly.

## COUNT I: FLSA Overtime Wage Violation

20. Plaintiff incorporates all paragraphs above as if fully restated below.

21. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

22. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

23. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

24. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

25. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

26. Plaintiff was not exempt from the overtime provisions of the FLSA.

27. Defendants' failure to pay overtime violated the FLSA.

28. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff by both check and cash, at his regular rate, for all hours worked weekly.

29. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

30. Plaintiff incorporates all paragraphs above as if fully restated below.

31. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

32. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

33. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

34. Plaintiff worked more than forty (40) hours in individual work weeks.

35. Defendants did not pay earned overtime wages to the Plaintiff.

36. Plaintiff was not exempt from overtime wages.

37. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

38. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Monday, March 13, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel

**Consumer Law Group, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com